TYat.PLE
LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAR 14 2005
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
MAR 11 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00005-002 |
| Plaintiff, | ) | |
| vs. | ) | AMENDED PLEA AGREEMENT |
| THIN LOO YAT, aka LEE THIN FOOK, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, THIN LOO YAT, aka LEE THIN FOOK, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count 1 of the Indictment charging him with Possession of Fifteen or More Counterfeit or Unauthorized Access Devices and Aiding and Abetting, in violation of Title 18 U.S.C. §§ 1029(a)(3) and 2.

2. The defendant, THIN LOO YAT, aka LEE THIN FOOK, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the manufacture of counterfeit credit cards, the theft of cardholder information, the distribution of

such counterfeit cards and all unlawful activities related to the trafficking in and use of counterfeit and stolen credit cards. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings if called as a witness, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant for offenses now known to the government, or which he reveals to Federal authorities.

3. The defendant, THIN LOO YAT, aka LEE THIN FOOK, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in counterfeit and stolen credit card activities, his knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4. The defendant, THIN LOO YAT, aka LEE THIN FOOK, understands that the <u>maximum</u> sentence for Possession of Fifteen or More Counterfeit or Unauthorized Access Devices and Aiding and Abetting, in violation of Title 18 U.S.C. §§ 1029(a)(3) and 2 is ten (10) years incarceration, a $250,000 fine and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of up to three (3) years in addition to such terms of imprisonment. Defendant understands that, if at any time while he is on supervised release he violates one of its conditions, his supervised release may be revoked and he may be subject to an additional two year term of imprisonment. If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines. If

-2-

1 defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will
2 recommend whatever sentence of incarceration within the Guidelines range it may deem
3 appropriate.
4     The government will recommend a fine within the Sentencing Guidelines range. If
5 defendant is financially unable to immediately pay the fine in full, defendant agrees to make a
6 full disclosure of his financial status to the United States Attorney's Office by completing a
7 Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule.
8 Defendant understands that, by law, interest accrues on any remaining balance of the debt.
9     5. The defendant understands that to establish a violation of Possession of Fifteen or
10 More Counterfeit or Unauthorized Access Devices and Aiding and Abetting, in violation of Title
11 18 U.S.C. §§ 1029(a)(3) and 2, the government must prove each of the following elements
12 beyond a reasonable doubt:

    First:     the defendant knowingly possessed at least fifteen counterfeit access devices at the same time;

    Second:   the defendant knew that the devices were counterfeit

    Third:     the defendant acted with the intent to defraud;

    Fourth:   the defendant's conduct in some way affected commerce between the United States and a foreign country;

18 ~~Fifth:~~ ~~the defendant knowingly aided, abetted, counseled, commanded, induced or procured the commission of~~
19 ~~the stated offense.~~

    To prove the defendant guilty of aiding and abetting, the government (see below *)
20     6. The defendant understands that the United States Probation Office will calculate a
21 "sentencing range" with the United States Sentencing Guidelines. The defendant understands the
22 Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the
23 sentence. The defendant also understands that the facts he stipulates to herein will be used by
24 probation, pursuant to §1B1.2 of the Sentencing Guidelines, in calculating the advisory
25 guidelines level.
26     Further, if the defendant cooperates with the United States by providing information

27 * must prove each of the following elements beyond a reasonable doubt: 1. The offense of Possession of Fifteen or More Counterfeit or Unauthorized Access Devices was committed by someone; 2. The Defendant knowingly and intentionally
28 aided, counseled, commanded, induced or procure that person to commit the offense of Possession of Fifteen or More Counterfeit or Unauthorized Access Devices; and 3. The Defendant acted before the crime was completed.

concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8(a) of the Sentencing Guidelines, this information should not be used in determining the advisory guidelines range.

The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. Pursuant to Federal Rule of Criminal Procedure Rule 11(e)(2), the defendant also understands that if the court does not accept the sentencing recommendation made by the United States to the court pursuant to Rule 11(e)(1)(B), the defendant nevertheless has no right to withdraw his guilty plea.

7. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined solely from the facts set forth herein, to wit:

(a) The defendant, THIN LOO YAT, was born in 1952, and is a citizen of Malaysia.

(b) On January 25, 2005, the defendant, THIN LOO YAT, traveled together and in association with YU MAN YEN and JAE HEE KIM from Manila, Republic of the Philippines, to Guam, U.S.A., with credit cards, which they knew to be counterfeit, and which they had acquired in the Philippines.

(c) The defendant, THIN LOO YAT, YU MAN YEN and JAE HEE KIM intended to use the counterfeit credit cards to purchase items in Guam and to later provide these items to the individuals who had given the credit cards to the defendant, THIN LOO YAT, YU MAN YEN and JAE HEE KIM. In exchange, the defendant, THIN LOO YAT, YU MAN YEN and JAE HEE KIM were to receive a percentage of the value of the items purchased with the

-4-

counterfeit credit cards.

    (d) At the time their arrests, the defendant, THIN LOO YAT possessed 39 counterfeit credit cards, YU MAN YEN possessed 37 counterfeit credit cards, and JAE HEE KIM possessed 45 counterfeit credit cards.

    8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

    9. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

    10. The defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. If at any time defendant's guilty plea is rejected, withdrawn, vacated or reversed, the United States will be free to prosecute defendant for all charges of which it presently has knowledge, and any charges that have been

Case 1:05-cr-00005  Document 27  Filed 03/14/2005  Page 5 of 7

dismissed will automatically be reinstated or may be presented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

11. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. That he has had this agreement translated for him into his native language, and he fully understands it.

\\

\\

h. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 3/9/05

_____
THIN LOO YAT
aka LEE THIN FOOK
Defendant

DATED: 3/1/5

_____
JOAQUIN C. ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 3-10-05      By: _____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

DATED: 3/4/05       By: _____
JOSEPH F. WILSON
Criminal Chief