JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant



**FILED**
DISTRICT COURT OF GUAM
MAY 20 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. **CR05-00005** |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S OBJECTIONS TO PRE-SENTENCE REPORT** |
| THIN LOO YAT, | ) | |
| Defendant. | ) | |

COMES NOW, Defendant THIN LOO YAT, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., submits the following Objections to the Draft Pre-Sentence Report (PSR):

1. Defendant objects to Paragraphs 32 of the PSR, which provides no adjustment for Role in the Offense. Under Section 3B1.2 of the Guidelines, a mitigating role should be applied, as Defendant was either a minimal or minor participant in the offense. A decrease in the offense level of either 2, 3 or 4 levels is warranted.

2. Defendant objects to Paragraph 44 of the PSR which provides for only a two-level decrease for acceptance of responsibility. An additional one-level decrease should be applied under Section 3E1.1(b) in the event the offense level is at 16 or higher.

3. Defendant objects to Paragraph 38 of the PSR which provides an increase of 8 levels

pursuant to Section 2B1.1(b)(1)(F) (sic) of the Guidelines based on the $78,000.00 "intended loss which would have resulted from the offense." The PSR contends that each of the 39 credit cards possessed by Defendant had a credit limit of up to $2,000.00. Thus, $78,000.00 in "intended loss" is applied. This misapplies the Guidelines. Application Note 3(F)(I) to Section 2B1.1(b)(1)(E) provides:

> <u>Stolen or Counterfeit Credit Cards and Access Devices; Purloined Numbers and Codes.</u> – In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less that $500 per access device. However, if the unauthorized access device is a means of telecommunications access that identifies a specific telecommunications instrument or telecommunications account (including an electronic serial number/mobile identifications number (ESN/MIN) pair), and that means was only possessed, and not used, during the commission of the offense, loss shall be not less than $100 per unused means. For purposes of this subdivision, "counterfeit access device" and "unauthorized access device" have the meaning given those terms in Application Note 7(A).

There is no evidence that any of the credit cards in this case were used, as the Defendant was searched and arrested at the airport. Furthermore, the PSR attributes a value of $2,000.00 maximum credit limit per credit card (39 cards x $2,000.00 = $78,000.00). The information on the maximum amount was provided by the Defendant; however, Defendant also indicated that about half of the credit cards were not usable, or would otherwise be rejected by the vendor, and that the credit limit was between $1,000.00 to $2,000.00 per card.

Using the minimum value of $500 per card per the Application Note above, a total of $19,500.00 could be the "intended loss." Similarly, assuming only half of the cards were usable, at $1,000.00 credit limit each, then the "intended loss" could still be $19,500.00 Under Section 2B1.1(b)(1)(C), an increase of only four (4) levels could be considered. Defendant submits that no increase is warranted under this Section.

4.  Defendant objects to Paragraph 39 of the PSR, which provides an upward adjustment of 2 levels, pursuant to Section 2B1.1(8) (sic) of the Sentencing Guidelines, as the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials. There is simply no evidence to support this increase.

5.  Defendant objects to paragraphs 62 and 63 of the PSR, which assigns "gambling winnings" of $2,000.00 as monthly income. The PSR then contends that based on this income, Defendant has the ability to pay a fine. The monthly income figure is speculative, at best. Defendant is currently incarcerated, and has been since his arrest in this case. He has no source of monthly income. He has no ability to pay a fine.

Dated at Hagåtña, Guam: May 20, 2005.

ARRIOLA COWAN & ARRIOLA

_____
JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2005, a copy of Defendant's Objections to the Pre-Sentence Report, was served upon Plaintiff, United States of America, by hand-delivering a copy thereof to:

> RUSSELL STODDARD, ESQ.
> Assistant U. S. Attorney
> United States Attorney's Office, Criminal Division
> Suite 500, Sirena Plaza
> 108 Hernan Cortez Avenue
> Hagåtña, Guam 96910;
>
> STEPHEN P. GUILLIOT
> Probation Officer
> U.S. Probation Office
> 520 W. Soledad Avenue, Second Floor
> Hagåtña, Guam 96910

Dated at Hagåtña, Guam: May 20, 2005.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant

JOAQUIN C. ARRIOLA, JR.