Van de veld Shimizu Canto & Fisher
*Curtis C. Van de veld, Esq.*
Suite 101, De La Corte Bldg.
167 E. Marine Corps Drive
Hagåtña, Guam 96910
Tel.: (671) 472-2863
Fax: (671) 472-2886

Attorney for Defendant: JAE HEE KIM

FILED
DISTRICT COURT OF GUAM
AUG 17 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR05-00005-003 |
| ) | |
| Plaintiff, ) | **DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT** |
| vs. ) | |
| ) | |
| JAE HEE KIM, ) | |
| ) | |
| Defendant. ) | |

COMES NOW defendant JAE HEE KIM through Defendant's court appointed counsel, VAN DE VELD SHIMIZU CANTO & FISHER, by Attorney Mr. Curtis C. Van de veld, Esq., to state that the defendant has had the *Presentence Investigation Report*, *Addendum To The Presentence Report*, *Government's Statement Adopting Findings Of Presentence Report*, and the *Sentencing Recommendation* read to him by Dong Masga an interpreter, who interpreted

those documents into the Korean language for Defendant, and pursuant to Federal Rules of Criminal Procedure, Rule 32, and District Court Of Guam Rules of Court General Order No. 98-00002.

Defendant here addresses the requirements of General Order No. 98-00002, which instruct that counsel shall state:

(1) All sentencing factors, facts and other matters material to sentencing that remain in dispute, including a statement and calculation if appropriate, showing how the dispute effects the calculation of the guidelines range.

(2) Whether an evidentiary hearing is requested and, if so, an estimate of the time required for such hearing and a summary of the evidence to be produced.

> I. ALL SENTENCING FACTORS, FACTS AND OTHER MATTERS MATERIAL TO SENTENCING THAT REMAIN IN DISPUTE, INCLUDING A STATEMENT AND CALCULATION IF APPROPRIATE, SHOWING HOW THE DISPUTE EFFECTS THE CALCULATION OF THE GUIDELINES RANGE.

Defendant has been provided a copy of the *Draft Presentence Investigation Report* ("*DPIR*") on June 10, 2005, not May 27, 2005 as ordered by the court so that Defense Counsel could review report with Defendant.

The following factual errors are noted. Sentencing date has been changed to August 29, 2005 by an order of the court.

Paragraph 1, the date indicated incorrectly states "2004" and the correct year is "2005."

Paragraph 2, errantly states "Thin Loo Yat aka Tai Ft Lee, which should read "Thin Loo Yat aka Tai Fat Lee."

Paragraph 4 incorrectly states the date "March 14, 2005," which date should be "April 1, 2005."

Paragraph 5 is completely in error.

Paragraph 6, other than the first sentence is completely in error.

Paragraph 7, other than the first sentence is completely in error.

Paragraphs 10, and 11, the codefendants were each sentenced to 14 months imprisonment, however this defendant believes that neither Defendant raises the issues this defendant raises.

The remaining objections relate to the legal aspects of the report.

Objection 1. An error exists in the calculation of the adjustment to the Offense Level based on the adjustment for intended loss under U.S.S.G. §2B1.1.

The *Draft Presentence Investigation Report* (hereinafter referred to as "*DPIR*") at paragraph 38, attributes $90,000.00 as the intended loss of the

offense based on hearsay lacking any indicia of reliability. Probation Officer Guilliot, recognizing the error in the application of the Sentencing Guidelines corrected the error in the final *Presentence Investigation Report* (hereinafter "*PIR*" despite the lack of any objection, and correctly applied the intended loss calculation of $60,500.00 and a 6 level upward adjustment. However, a dispute of this issue appears to exist in that the United States of America filed a pleading stating its adoption of the *DPIR* on June 13, 2005, before the correction in the *PIR* which was prepared on June 23, 2005. Hence, as the record stands, the government continues to adopt the errant calculation resulting in an eight (8) level upward adjustment as opposed to the correct six (6) level upward adjustment.

  Objection 2. The *PIR* errantly applies a two (2) level upward adjustment to the Offense Level based on the relocation of a criminal scheme.

  *PIR* paragraph 39 attributes a two (2) level increase to the Offense Level based on U.S.S.G. §2B1.1(8) on the basis that the Defendant relocated a criminal offense from another jurisdiction to this jurisdiction for the purpose of avoiding law enforcement or regulatory officials. The citation is in error. U.S.S.G. §2B1.1(8) related to making misrepresentations. U.S.S.G. §2B1.1(9) pertains to the relocation of a criminal scheme.

U.S.G. §2B1.1(9) states:

*If (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials; (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) the offense otherwise involved sophisticated means, increase by 2 levels. If the resulting offense level is less than 12, increase to level 12.*

The error in the analysis by the Probation Officer is that this Defendant did not participate in the criminal conspiracy that stole the credit card information and created the fraudulent credit cards in the Philippines. No part of that criminal scheme was relocated to the United States from another jurisdiction. No facts demonstrate that an ongoing criminal enterprise from another jurisdiction was relocated to this jurisdiction. Defendant Kim's criminal scheme commenced when Defendant Kim and his codefendants began to use the fraudulent credits cards that they had purchased in the Philippines in Guam to purchase goods. The facts indicate that the only things relocated in this crime were the defendants and the fraudulent credit cards that they each purchased. The facts indicate that they intended to make fraudulent purchases here and take the merchandise acquired with them for resale elsewhere. No criminal conduct in furtherance of the purchasing of goods occurred outside of Guam, there is no

evidence in the record that any investigation of defendant or his codefendants or the persons who stole the credit card information or manufactured the fraudulent credit cards or who sold defendants the fraudulent credit cards were under any particular investigation in the Philippines, such that the defendants came to Guam for the purpose of avoiding those law enforcement officers or regulatory officials. Further, the persons and banks whose account information was stolen for manufacture of the fraudulent credit cards were not from the Philippines and no information exists as to from whence the credit card data was stolen in order to determine where an investigation, if any, was ongoing. Hence, the attribute of this upward adjustment is an error. There is no evidence that Defendant Kim or any of his codefendants were involved in the scheme which stole, manufactured and sold the fraudulent credit cards. Instead ample evidence exists to demonstrate that Defendant was not part of the scheme in that he acquired the fraudulent credit cards for a significant payment of money. These facts suggest that Defendant was not part of that scheme.

Alternatively, if the court determines that Defendant was a part of the broader criminal scheme by applying an upward adjustment under U.S.S.G. §2B1.1(9), then Defendant Kim is entitled to a reduction in the offense level for mitigating role in the offense as stated hereafter.

///

Objection 3. Defendant is entitled to a reduction against the offense level for a mitigating role in the offense conduct pursuant to U.S.S.G. §3B1.2.

*PIR* paragraph 41 provides no adjustment to Defendant Kim for Defendant's minimal or minor role in the offense conduct. U.S.S.G. §3B1.2 provides in pertinent part:

> *Based on the defendant's role in the offense, decrease the offense level as follows:*
>
> *(a)   If the defendant was a minimal participant in any criminal activity, decrease by 4 levels;*
>
> *(b)   If the defendant was a minor participant in any criminal activity, decrease by 2 levels;*
>
> *In cases falling between (a) and (b), decrease by 3 levels.*
>
> *Application Notes –*
>
> *4. <u>Minimal Participant</u> – Subsection (a) applies to a defendant described in Application Note 3(A) who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and the activities of others is indicative of a role as minimal participant.. ...*

*5. Minor Participant* – *Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal.*

The United States Court Of Appeals for the Ninth Circuit has ruled in United States v. Webster, 996 F.2d 209 at 211-212 (9th Cir. 1993) that in considering the mitigating role of a defendant in an offense the sentencing court that looked only at the codefendants in assessing whether to apply the relief of this guideline was to narrow in considering the defendant's role in the offense, rather, the court must look to the greater conspiracy of which the defendant is a part and assess the defendant's role as it relates to all other roles customarily found in such a criminal enterprise.

If this sentencing court holds that defendant was part of the greater conspiracy to create the fraudulent credit cards from stolen credit card data and that he relocated the activities of making purchases here to avoid law enforcement or regulatory officials, then the court must weigh the defendant's activities against the other roles common to such an offense. In doing so, this court will find that Defendant Kim lacks any knowledge about how the credit card data is stolen and able to be used to create the credit cards, where the blanks for the credit cards are made, how to make the blanks appear to look like real credit cards, who produces the information and cards, who distributes the credit

cards to purchasers, etc. This lack of knowledge, coupled with the larger roles of many others in the criminal conspiracy entitle the Defendant to a Minimal Participant 4 level reduction or some other mitigating role reduction.

If on the other hand the court determines that the defendant did not participate in a relocation of the criminal scheme and his role is limited to be a purchaser of fraudulent credit cards, then Defendant's role is comparable to his codefendants alone and no reduction in offense level is applicable.

II. AN EVIDENTIARY HEARING IS REQUESTED only if the court determines that such hearing is necessary in order for Defendant to meet the burden of proof for the issues raised by Defendant.

Respectfully submitted: Tuesday, August 16, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
CURTIS C. VAN DE VELD
Attorney for defendant
JAE HEE KIM

# CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on August 17, 2005, via hand delivery at the following address:

| | |
|---|---|
| Mr. Russell Stoddard Esq.     and to, | Mr. Stephen P. Guilliot |
| Special Assistant U.S. Attorney | United States Probation Officer |
| U.S. Attorney's Office, | United States Probation Office, |
| District Of Guam | District Of Guam |
| Criminal Division | |
| 6th Floor, Sirena Plaza | District Court Of Guam |
| 108 Hernan Cortes Avenue | 2nd Floor, 520 W. Soledad Avenue |
| Hagåtña, Guam 96910 | Hagåtña, Guam 96910 |

Dated: Tuesday, August 16, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER

*[signature]*

Curtis C. Van de veld
Attorney for Defendant

CCV:ccv
VSCF/J.H. KIMCR000578